UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DOUGLAS R. McCARROLL,
Plaintiff,

v.

OFFICER LEVIN,
JOHN DOE SUPPERVISOR,
JOHN OR JANE DOE MEDICAL EMPLOYEE,
JOHN DOE OFFICER #2
JOHN DOE OFFICER # 3,
JOHN DOE OFFICER # 4,
INDIVIDUALLY AND OFFICALLY AS EMPLOYEES OF DONALD WYATT DETENTION FACILITY AND CORNELL CORRECTIONS OR CORNELL GROUP INC,
Defendants.

CA 07 391 ML

CIVIL NO. ____________

CIVIL COMPLAINT

WITH JURY DEMAND

**COMPLAINT**

1) This action is for money damages to redress the deprivation of rights guaranteed to the Plaintiff by the Constitution and Laws of the United States and the State of Rhode Island. The defendants Levin and the John and Jane Does mentioned above are employees of Cornell Correctons or Cornell Group, Inc., and work at the Donald Wyatt Detention Facility in Central Falls, Rhode Island and along with other not named coconspirators not named, all acting individually and officially

in their capacities as employees of Cornell Group, Inc., did unlawfully conspire to harass and jeopardize the Plaintiff's health and safety by placing him on a top bunk with a medical restriction for a bottom bunk only on October 14, 2004, subjecting him to great fear, physical injury and emotional distress.

2) Plaintiff seeks money damages against the defendants for committing acts under color of law which deprived the Plaintiff of his rights and for refusing or neglecting to prevent such deprivations and denials to the Plaintiff. Plaintiff alleges that defendant Officer Levin assigned the Plaintiff to a top bunk upon admission to Donald Wyatt Detention facility on October 14, 2004 when the Plaintiff has a medical restriction for a bottom bunk only and on the morning of October 15, 2004, at approximately 4:40 or so a,.m., Plaintiff fell of the top and was injured. Plaintiff further alleges that upon admission to "B" Pod on the evening of October 14, 2004, he told the two defendant John Doe Officers that he was on a top bunk and needed a bottom bunk and was told that that was the only bed they had, and that the John Doe Officers ##2 & 3 conspired to violate the Constitutional rights of the Plaintiff. Plaintiff further alleges that John Doe Officer # 5 failed to get adequate medical treatment for the Plaintiff on the morning of October 15, 2004 and that defendants John or Jane Doe medical employees

refused to give the Plaintiff medical treatment on October 15, 2004 and were deliberately indifferent to the Plaintiff's serious medical needs.

3) Jurisdiction of this Court is invoked under the provisions of Sections 1331 and 1343(3) of Title 28 United States Code and Sections 1981, 1983, 1985(3), 1986 and 1988 of Title 42 United States Code, amd under the pendant jurisdiction of this Court with respect to the causes of action under State Law sounding in tort, in addition to the Fourteenth Amendment to the United States Constitution.

4) During all times mentioned in this Complaint, the Plaintiff, Douglas R. McCarroll, is a citizen of the United States of America and a federal prisoner of the U.S. Marshal Service.

5) During all times mentioned in this Complaint, the defendants Officer Levin and the John Doe officers and the John and Jane Doe medical employees are employees of the Cornell Group, Inc., and work at the Donald Wyatt Detention facility in Central Falls, Rhode Island and acted under color of law. All of the defendants were acting individually and officially under the Cornell Group, Inc, as employees. In addition, defendant John Doe Supervisor was acting in a suprevisory capacity with respect to the other coconspirators and coconspirators not named.

6) During all times mentioned in this Complaint, the defendants acted jointly and severally and in cooperation and conspiracy with one another, with mailce and in bad faith. Defendants and each of them and the others not named acted under clor of law, that is under color of the Constitutional Statutes, ordinances, regulations, policies, customs, usages and Charter laws of the State of Rhode Island and pursuant to their authority as contracted agents of the U.S. Marshal Service.

7) On October 14, 2004, the Plaintiff Douglas R. McCarroll was admitted to the Donald Wyatt Detention Facility on a writ of habeas corpus. See attached "A".

8) Defendant Officer Levin after talking with defendant John Doe Supervisor, assigned the Plaintiff to a top bunk in "B" pod.

9) Upon entering "B" pod and after learning that he was assigned to the top bunk, the Plaintiff told John Doe Officers ## 2 & 3 that he needed a bottom bunk, as he had a medical restriction for his lower back and hernia.

10) Defendants John Doe Officers ## 2 & 3 told the Plaintiff that was the only bunk open and that he had to stay on that bed.

11) At about 4:30 a.m. of 4:40 a.m., the Plaintiff was awakend and told he was going to court. Upon climbing down from the top bunk, the Plaintiff slipped and fell off, injuring his back.

12) Plaintiff immediately told defendant John Officer # 5 of the injury and was told to see medical on the way out.

13) After gathering his belongings, the Plaintiff wrote a short letter to Captain Johnson and gave a carbon copy to the defendant John Doe Officer # 5 before leaving B Pod and asked him to give it to her. See attached.

14) The Plaintiff went to Receiving and Discharge and spoke with defendant John Doe medical employee and asked for medical treatment for the injury. Defendant John Doe Medical employee said, "you look fine to me, you can walk. Get ready for court, there's nothing I can do for you."

15) The acts of placing the Plaintiff on a top bunk with a medical restriction for a bottom bunk were made in bad faith with deliberate indifference to the Plaintiff's serious medical needs and safety.

16) Each of defendant John Doe Officers and defendant Officer Levin and defendant Officer John Doe Supervisor had the opportunity and duty to prevent one another from the unlawful acts and abuse of power and negligence above described but each of them failed or refused to do so to protect the Plaintiff from the unlawful and negligent acts of the deliberate indifference to the Plaintiff's health and safety thereby assisting, acting adopting said unlawful conduct all to the injury of the Plaintiff. In addition, defendant John Doe officer # 5 and John Doe medical employee acting in conspiracy were deliberately indifferent to the Plaintiff's serious medical needs by failing to report and treat the Plaintiff's injury.

17) As a direct and proximate result of the acts and omissions of defendant Officer Levin, John Doe Supervisor, John Doe Officers ## 2, 3, and 5 and John or Jane Doe medical employees and the other coconspirators unnamed, the Plaintiff, Douglas R. McCarroll suffered a deprivaton of his Constitutional rights, terror, fear, great fear, humiliation, physical pain, psychologicl pain and trauma.

18) As a direct and proximate result of the acts and omissions of the Defendants and all of them as described above in this Complaint, the Plaintiff, Douglas R. McCarroll, suffered emotional distress and the intentional infliction of emotional distress.

19) The Defendants, and all of them as named above, knew or had reason to know that there was absolutely no lawful basis for placing a prisoner with a hernia and back injuries and a medical restriction for a bottom bunk, like the Plaintiff Douglas R. McCarroll has, on a top bunk yet they did so in bad faith and for the very purpose of terrorizing the Plaintiff for being a pro se litigant and exercising his First and Sixth Amendment rights to represent himself.

20) The aforementioned acts of placing the Plaintiff on a top bunk in a negligent mannor was without justification or excuse and was instea gratuitous, unreasonabl and unlawful.

21) The conduct of the Defendants and each of them as herein

described was extreme, outrageous and shocking and wanton and was calculated to and did in fact cause the Plaintiff to suffer severe emotional distress.

22) In addition, in the manner described herein, defendant Officer Levin, John Doe Supervisor, John Doe officers ## 2,3, & defendant John or Jane Doe medical employees acted outside the scope of their employment and jurisdiction and were acting in their individual capacities in furtherande of the conspiracy without authroization of law, and acted willfully, knowingly and purposefully and in doing so, deprived the Plaintiff of his rights to:

A. Freedom from cruel and unusual punishment

B. Freedom from deliberate indifference to serious medical needs

C. Freedom from Terror, humiliation and fear

D. Freedom from neglignce in the performance of duty

E. Freedom from the intentional and/or negligent infliction of emotional distress and great emotional distress

F. Due Process of law

K. Equal Protection of Law

J. Freedom from punishment for exercising First and Sixth Amendment rights

23) All of these rights are secure to the Plaintiff by the provisions of the First, Fifth, Sixth, Eighth, Ninth and the Fourteenth Amendments to the Constitution of the United States

America and by Sections 1981, 1983, 1985(3), 1986 and 1988 of Title 42 United States Code and by the Statutes and Laws of the State of Rhode Island which are invoked under the pendant jurisdiction of this Court.

WHEREFORE, the Plaintiff demands judgment against the Defendants and each of them jointly and severally as follows:

A. Compensatory damages in an amount to be fair and just and reasonable in an amount that exceeds $75,000 (seventy-five thousand dollars):

B. Punitave damages in an amount which this Court consider to be fair, just and reasonable, specifically $75,000 (seventy-five thousand dollars);

C. Costs of this action;

D. Attorney's fees (should one be employed);

E. Such other appropriate relief as this Court may deem proper.

This Complaint is filed in good faith, in the Spirit of the Law.

Respectfully submitted,
By the Plaintiff *pro se*

Douglas R. McCarroll
Reg. No. 12012-014
FCI Ray Brook
P.O. Box 9003
Ray Brook, NY 12977-9003
Dated: October 12, 2007

**SHORT AND PLAIN CONCISE STATEMENT AS PER F.R.Civ.P. 8**

As per the Rules, the Plaintiff Douglas R. McCarroll files this Short and Concise Statement and states as follows:

1) That the Plaintiff's right to be free from negligence and cruel and unusual punishment states a claim for relief under the Eighth Amendment;

2) That Plaintiff's right to be free from retaliation for exercising his First and Sixth amendment rights to represent himself states a claim for relief;

3) That the Plaintiff's rights to medical treatment for an injury for falling off a top bunk states a claim for relief under the Eighth Amendment.

By the Plaintiff pro se

Douglas R. McCarroll